## McKELWAY AND GRAY ADS. JONES.[*]

In trespass.

Process issued against both defendants, served on one only, and no appearance entered for the other; but a plea, without his authority, filed for both of them; the cause tried and he on whom process was served being acquitted, and the other defendant found guilty by the jury, without notice of the suit or trial: proceedings and verdict set aside, as against him.

*H. W. Green,* for defendant Grav.

*W. Halsted,* for plaintiff.

HORNBLOWER, C. J.  The summons in this case was returned, served on McKelway, and *non est,* as to Gray.   The former resided at Trenton, in the county of Hunterdon, and the latter at Camden, in the county of Gloucester.   McKelway handed the copy of the summons which had been served on him, to Mr. Hamilton an attorney and counsellor of this court, requesting him to take care of his interests in the cause.   The plaintiff filed a declaration against both defendants, as if both had been served with process, or appeared to the action, although in point of fact, no appearance had been entered for either of the defendants. Some time after the declaration had been filed, Mr. Hamilton, inadvertantly, or if by design, without any authority from Gray, put in the plea of the general issue for both defendants.  On the

[*] Decided orally at February Term, 1839.

McKelway and Gray ads. Jones.

trial of the cause at the Circuit, the jury rendered a verdict in favor of the defendant McKelway, but found Gray guilty of the trespass, and assessed damages against him, to the amount of      dollars.

It now appears by the affidavit of Gray, and the fact is not denied, that he never heard of this suit, until since the trial; and upon this ground, he moves to set aside the proceedings and verdict as against him. This motion is resisted : First, upon the ground, that, if one defendant be acquitted, and the other found guilty, the defendant so convicted, cannot have a new trial : in support of which, is cited, the note of the reporter, in *Parker et al.* v. *Godin*, 2 *Str.* 814; and the case of *The King* v. *Mawbry, et al.* 6 *T. R.* 639. But the cases referred to, do not support the proposition; and if they did, they would have no applicaton to the question before us. This is not a motion for a new trial, on the part of Gray; but a motion to set aside the whole proceeding, as against him, on the broad ground, that he has been condemned without notice, and without a hearing.

It is insisted however, that an attorney of this court, having appeared and pleaded for the defendant, this court cannot relieve him, but that he must be left to his remedy against the attorney, who without a warrant, has compromitted his rights : and the case of *Den* v. *Hendrickson*, 3 *Green*, 102, is supposed to sustain this position. In this, I think counsel are mistaken. My own opinion of the law on this subject, as reported in that case, (and which, the more I have reviewed, the more I am confirmed in,) affords not the shadow of an argument in favor of the doctrine now contended for; and the opinion of justice Ryerson, with whom justice Ford concurred, was evidently based upon the particular facts of that case. Allen the complaining defendant had been regularly served with process; and though he had no defence to the action, and intended to make none, yet he committed the management of the case, to Hendrickson ; and by his equivocal, if-not fraudulent conduct in the matter, deprived himself, in the opinion of a majority of the court, of any right to its protection : and upon that part of the case, I am not certain my brethren were not right; indeed upon reviewing the facts, as they appear in the report, I am inclined to think, were the matter now before us, I should concur with them. But the abstract

legal question, (if a question it can be at this day,) whether a citizen, whose name, either as plaintiff or defendant, has been used by an attorney of this court, without his knowledge or consent, either express or implied, and without the least color of authority, shall be bound by such acts, was not settled by the decision in *Den* v. *Hendrickson*. So far from it, that justice Ryerson said, in reference to the authorities there mentioned, "that in those cases, the party complaining had no kind of notice of the pendency of any proceedings in court, which could involve his rights; and he sought relief as soon as informed that he was implicated." And he adds, "when such a case shall arise here, it will be time enough to inquire after, and apply the proper remedy." This is specifically such a case: and for the reasons assigned by me, in Den *v.* Hendrickson, I think the proper remedy is by setting aside the whole proceeding, as *coram non judice*, and void, as against Gray. The plaintiff's attorney, has no right to complain. It was an action of trespass; he knew that Gray lived in a foreign county; that the writ had not been served on him; and that no appearance had been entered by or for him; yet the plaintiff's attorney filed a declaration against both defendants, and thereby probably misled the attorney for McKelway, who it seems was not called upon to plead until nearly a year after the suit had been commenced.

To suffer a verdict to stand, which has been rendered against a man in his absence, in a suit he never heard of, until after he had been tried and condemned, would be a reproach to any civilized community, and could not be tolerated for a moment. Let the proceedings be set aside.

FORD, WHITE, and DAYTON, Justices, concurred.

NEVIUS, Justice, absent.

*Proceedings set aside.*

CITED *in Gifford, Adm'r,* v. *Thorn,* 1 *Stockt.* 723; *Ward* v. *Price,* 1 *Dutch.* 229.